**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 6: 05- mj- 00107 WMW |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER DENYING REQUEST** |
| vs. ) | **FOR EXPUNGEMENT OF** |
| ) | **CRIMINAL RECORD** |
| ) | |
| SUSAN VERUTTI, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

On June 25, 2007, the court received from Defendant a request for expungement of the record of this criminal case.

The issue of expungement of records of federal criminal convictions is discussed thoroughly in <u>United States of America v. Crowell</u>, 374 F.2d 790 (9th Cir. 2004). In that opinion, the court states in part as follows:

> Congress has not expressly granted to the federal courts a general power to expunge criminal records. Nevertheless, we have asserted that federal courts have inherent authority to expunge criminal records in appropriate and extraordinary cases. We have held that in criminal proceedings "district courts possess ancillary

jurisdiction to expunge criminal records. That jurisdiction flows out of the congressional grant of jurisdiction to hear cases involving offenses against the United States pursuant to 18 U.S.C. § 3231." [United States v. Sumner, 226 F.3d 1005, 1014 (9th Cir.2000).]  We have also held, however, that district courts do not have the power "to expunge a record of a valid arrest and conviction solely for equitable considerations," because "the expungement of the record of a valid arrest and conviction usurps the powers that the framers of the Constitution allocated to Congress, the Executive, and the states." Id. Accordingly, "a district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." Id.

In this case, Defendant does not claim that her arrest or conviction was unlawful, or that any clerical error was made.  Therefore, this court lacks jurisdiction to expunge the record of her criminal conviction.

In light of the foregoing, IT IS HEREBY ORDERED as follows:

1.   The Clerk of the Court is directed to scan into the electronic filing system the documents which the court received from Defendant on June 25, 2007;

3.   Defendant's request for expungement of the record of this case is DENIED;

4.   The Clerk of the Court is DIRECTED to serve Defendant with a paper copy of this order.

IT IS SO ORDERED.

**Dated:   July 27, 2007**          /s/  **William M. Wunderlich**
                                    UNITED STATES MAGISTRATE JUDGE

2